IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-03-217-01 |
| | § | |
| JAMIE OLIS | § | |

## MEMORANDUM OPINION AND ORDER

On October 31, 2005, the Fifth Circuit Court of Appeals affirmed Jamie Olis's conviction for securities fraud, mail and wire fraud, and conspiracy, but vacated his 292-month prison sentence and remanded the case to this court for resentencing. See United States v. Olis, 429 F.3d 540, 541 (5th Cir. 2005). On December 2, 2005, Olis filed a Motion for Bond Pending Sentencing (Docket Entry No. 183), which the court denied by Order entered on December 15, 2005 (Docket Entry No. 189). On January 27, 2006, Olis filed a Status Report and Motion to Reconsider Bond Pending Re-Sentencing or for an Order that will allow the Fifth Circuit to settle the standard for release pending resentencing (Docket Entry No. 218). Following careful consideration of the pending motion, the United State's response in opposition (Docket Entry No. 219), and Olis's reply (Docket Entry No. 221), the court concludes that Olis's motion for reconsideration should be denied.

## I.  **Background**

Following his conviction for securities fraud, mail and wire
fraud, and conspiracy, this court sentenced Olis to serve 292
months in prison.  On appeal, the Fifth Circuit held that "the
conviction is factually supported, but Olis must be resentenced."
Olis, 429 F.3d at 541.  The Fifth Circuit explained that "Olis
sufficiently preserved a [United States v.] Booker[, 125 S.Ct. 738,
756 (2005),] challenge to the court's application of the sentencing
guidelines as a mandatory scheme, and the . . . court overstated
the loss caused by Olis's crimes."  Id. (emphasis in original).
Although Olis also challenged the court's application of sentencing
enhancements for the use of "sophisticated means," U.S.S.G.
§ 2B1.1(b)(8)(C), "special skill," U.S.S.G. § 3B1.3, and for there
being more than 50 victims of his crime, U.S.S.G. § 2B1.1(b)(2)(B),
the Fifth Circuit affirmed the application of these enhancements by
concluding that "Olis used his special skills in accounting and tax
matters to advance an extremely sophisticated, but fraudulent,
scheme[,]" Olis, 429 F.3d at 549, and that the enhancement based on
the number of victims "clearly applies" in this case.  Id.

## II.  **Standard of Review**

The statute that governs release or detention of a defendant
pending sentence is 18 U.S.C. § 3143.  Section 3143(a) applies when
"a person who has been found guilty of an offense and who is

-2-

awaiting imposition or execution of a sentence." 18 U.S.C.
§ 3143(a)(1). Such defendants may be released where the court
finds by clear and convincing evidence that they pose no danger to
the community and are not likely to flee. Id. Section 3143(b)
applies to "a person who has been found guilty of an offense and
[has been] sentenced to a term of imprisonment, and who has filed
an appeal or a petition for a writ of certiorari." 18 U.S.C.
§ 3143(b)(1). Such defendants will not be released unless the
court finds by clear and convincing evidence (1) that the defendant
is not likely to flee or pose a danger to the community, (2) that
the appeal is not for purposes of delay, (3) that the appeal raises
a substantial question of law or fact, and (4) that the substantial
question, if decided favorably to the defendant, is "likely to
result in – (i) a reversal, (ii) an order for a new trial, (iii) a
sentence that does not include a term of imprisonment, or (iv) a
reduced sentence to a term of imprisonment less than the total of
the time already served plus the expected duration of the appeal
process." Id. Although neither subsection of 18 U.S.C. § 3143
expressly governs the circumstances of this case, they both create
a presumption in favor of detention following conviction. Thus,
Olis undisputedly bears the burden of overcoming the presumption
that he is not entitled to release. See United States v. Farran,
611 F.Supp. 602, 603 (S.D. Tex. 1985), aff'd without opinion, 784
F.2d 111 (5th Cir.), cert. denied, 106 S.Ct. 2256 (1986).

-3-

### III.   **Analysis**

Quoting <u>United States v. Pfeiffer</u>, 886 F.Supp. 303, 305 (E.D.N.Y. 1995), Olis argues that

> [a] person whose sentence has been vacated is treated as a person who has not been sentenced. Thus, for purposes of deciding whether to grant or continue bail, [18 U.S.C. §] 3143(a) applies. Under that provision, the court need only consider whether the defendant poses a danger or is likely to flee.
>
> As the Court has already found at the initial sentencing, Mr. Olis is neither.[1]

Quoting <u>United States v. LaGiglio</u>, 384 F.3d 925, 926 (7th Cir. 2004), and <u>United States v. Holzer</u>, 848 F.2d 822 (7th Cir.), <u>cert. denied</u>, 109 S.Ct. 315 (1988), the United States argues that § 3143(b) provides the standard applicable to Olis's motion for bond because "[a]n imprisoned person is not to be released pending further proceedings if it is a certainty that however those proceedings are resolved, he will have to be returned to prison."[2]

<u>Pfeiffer</u> involved a defendant who was convicted of tax evasion and sentenced to 24 months in prison.  886 F.Supp. at 303. As in this case, the circuit court of appeals affirmed the conviction, but vacated the sentence and remanded for resentencing. <u>Id.</u> (citing <u>United States v. Pfeiffer</u>, 50 F.3d 3 (2d Cir. 1995)

---

[1] Status Report and Motion to Reconsider Bond Pending Re-Sentencing or for an Order, Docket Entry No. 218, p. 1.

[2] United States' Response in Opposition to Motion for Bond Pending Re-Sentencing, attached to Docket Entry No. 218, p. 5.

-4-

(table)).  When, at the outset of the resentencing proceedings, the Government moved to revoke the defendant's bond pursuant to § 3143(b), the court rejected the Government's motion.  <u>Id.</u> at 305. Observing that Pfeiffer had not begun to serve his sentence, the court reasoned that the function of the remand was for the purpose of imposing a sentence <u>de novo</u>, <u>id.</u> at 304, and that under those circumstances the defendant should constructively be put in the same position that he was in before sentence was imposed.   <u>Id.</u> (quoting <u>United States v. Maldonado</u>, 996 F.2d 598, 599 (2d Cir. 1993) ("[W]hen a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced.")).  The United States argues that "<u>Pfeiffer</u> is distinguishable because the defendant in that case had not begun to serve his relatively short sentence of 24 months when it was vacated by the appellate court."[3]

The only circuit court of appeals that has addressed the issue now before the court has rejected <u>Pfeiffer</u> and held that defendants like Olis whose convictions have been affirmed by the court of appeals, but whose sentences have been vacated and remanded for reconsideration, are subject to the stricter § 3143(b) standard because the remand does not negate the fact that they have already been sentenced.   See <u>United States v. Krilich</u>, 178 F.3d 859, 861 (7th Cir. 1999) (per curiam) (citing <u>Holzer</u>, 848 F.2d at 822).  In <u>Krilich</u> the court explained that

---

[3]<u>Id.</u>

In <u>Holzer</u>, as here, convictions sufficient to support continued incarceration were affirmed but the case was remanded for adjustment of the time yet to be served. Holzer prevailed on one issue, and this court ordered resentencing with the expectation that Holzer would receive a modest reduction in the total sentence.  But we held that he was not to be released under § 3143(a) in the interim.  Section 3143(a) applies to a person "who is awaiting imposition or execution of sentence". Section 3143(b) governs "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari".  <u>Holzer</u> dealt with the proper classification of a person who meets <u>both</u> of these descriptions:  he has been sentenced, has filed an appeal (and perhaps a petition for certiorari), and is awaiting imposition of a new sentence.  We concluded that § 3143(a) "has reference to the situation where a defendant is awaiting sentencing the first time".  848 F.2d at 824. . . . <u>Pfeiffer</u> does not persuade us to abandon <u>Holzer</u>. . . . Section 3143 does not specify what happens when both subsections read on the situation.  Application of both at once is impossible; they prescribe different standards.  How is the tie to be broken?  The different functions of the different rules enable a court to choose.

<u>Id.</u>  In <u>Holzer</u> the Seventh Circuit explained that

[T]he reason for not imprisoning a convicted defendant (unless he is likely to flee or is a public menace) before he is sentenced is that the sentence may not be a sentence of imprisonment, or may be a sentence for a shorter period of imprisonment than the interval between conviction and sentencing; or that the defendant needs some time to get his affairs in order, see S.Rep. No. 225, 98th Cong., 2d Sess. 26 (1984), U.S.Code Cong. & Admin.News 1984, p. 3182.  The reason has no application to a case where the defendant's conviction for extortion has been upheld and a sentence of eighteen years remanded solely to give the judge a chance to consider a possible, though doubtless modest, reduction because the court of appeals has vacated a concurrent sentence.  It is not within the realm of realistically foreseeable circumstances that . . . [the court] on remand will reduce Holzer's sentence from eighteen years to eighteen months (the time he has served already); but only if he would, would bail pending resentencing serve the purposes of the statute.

848 F.2d at 824.   Thus, the Seventh Circuit reads the statutory language of § 3143(a) to apply only to "the situation where a defendant is awaiting sentencing the first time," Krilich, 178 F.3d at 861 (quoting Holzer, 848 F.2d at 824), and § 3143(b) to apply to persons awaiting resentencing on remand.   Id.

The facts of this case are closely analogous to those of Holzer, 848 F.2d at 822.   In Holzer a defendant who was convicted of mail fraud and who had begun to serve his sentence prevailed on one sentencing issue.   The Seventh Circuit vacated his sentence and remanded for resentencing with the expectation that the defendant would receive a modest reduction in his total sentence.   Id. at 823.   The trial court released the defendant on bail pending resentencing pursuant to § 3143(a), but the Seventh Circuit reversed, holding that he should not have been released under § 3143(a) pending resentencing.

In Holzer, as in the present case, convictions sufficient to support continued incarceration were affirmed but the case was remanded for adjustment of the time yet to be served.   Like the defendant in Holzer, Olis had already begun to serve his sentence before the appellate court rejected part of the court's sentencing criteria with the expectation that resentencing would likely result in a modest reduction in the amount of time that he will have to

serve in prison.[4]   Moreover, Olis has not argued either that it is realistically foreseeable that the court will reduce his sentence to the time that he has served already, or that any purpose behind the bail statute would be served were he released from custody only to have to return to custody upon resentencing.   Denying a defendant's motion for bond pending resentencing under similar facts, the Seventh Circuit explained that

> [B]reaking a sentence in the middle does not promote any end other than reducing the effective penalty by allowing a holiday or, worse, providing an opportunity to escape.  The . . . assertion that "[t]here has been no material change since" the time [the defendant] was released on bail before his original sentencing disregards the fact that the convictions have been affirmed, and [the defendant] . . . faces a greater probability of continued confinement . . .

Krilich, 178 F.3d at 861-862.  Thus, for the reasons stated by the Seventh Circuit in Krilich and Holzer, the court is persuaded that Olis's motion for bond pending resentencing is not subject to the

_____

[4]See id., where the United States asserts, and Olis does not dispute, that "[e]ven before taking into account this court's recalculation of the loss that resulted from the offenses of conviction (See U.S.S.G. § 2B1.1(b)(1), Olis is facing an offense level of 14 [6 (pursuant to U.S.S.G. § 2B1.1(a) + 2 (pursuant to U.S.S.G. § 2B1.1(b)(8)(C)) + 2 (pursuant to U.S.S.G. § 3B1.3) + 4 (pursuant to U.S.S.G. § 2B1.1(b)(2)(B)], which alone authorizes a Guideline sentence of 15 to 21 months.  See Sentencing Guidelines Sentencing Table (2001)."  The United States has also provided the court with a credible basis for finding that "intended loss" is at least $79 million and that "actual loss" is more than $20 million. Even assuming without deciding that the loss attributable to Olis was only $1,000,000, Olis's offense level under the Sentencing Guidelines would be increased by an additional 16 levels, resulting in a total offense level of 30.  See U.S.S.G. § 2B1.1(b)(1)(I). This would result in a guideline range of 97 to 121 months.

criteria stated in 18 U.S.C. § 3143(a), but is subject instead to the criteria stated in 18 U.S.C. § 3143(b).  Since Olis has not argued that he satisfies the criteria stated in 18 U.S.C. § 3143(b), the court concludes that his motion for bond pending resentencing should be denied.

Accordingly, Jamie Olis's Motion to Reconsider Bond Pending Re-Sentencing or for an Order (Docket Entry No. 218) is **DENIED.**

**SIGNED** at Houston, Texas, this the 7th day of February, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE