IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


UNITED STATES OF AMERICA          §
                                  §     CIVIL ACTION NO. H-07-3295
v.                                §     CRIMINAL NUMBER H-03-217-01
                                  §
JAMIE OLIS                        §


**<u>MEMORANDUM OPINION AND ORDER</u>**


On October 5, 2007, defendant, Jamie Olis, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 305 in Crim. No. H-03-217)[1], and a Memorandum of Points and Authorities in Support of Olis' Motion to Set Aside His Conviction Pursuant to 28 U.S.C. § 2295 (Docket Entry No. 315). Pending before the court are Olis' Motion for Release on Bail (Docket Entry No. 307), Olis' Motion for Discovery in Support of Olis' Motion to Set Aside His Conviction (Docket Entry No. 327), and Motion for Leave to File <u>Amici Curiae</u> Brief in Support of Olis' Motion to Set Aside His Conviction (Docket Entry No. 332). After careful consideration of the pending motions and the responses and replies that have been filed thereto, the court concludes that the pending motions should all be denied and that the government should be ordered to respond to Olis' § 2255 motion.

―――――――――――――

[1]All docket references will be to Olis' criminal case.

## I.  **Background**

Following his conviction for conspiracy (Count 1), securities fraud (Count 2), mail fraud (Count 3), and wire fraud (Counts 4-6), the court sentenced Olis to serve 292 months in prison.  On appeal, the Fifth Circuit held that "the conviction is factually supported, but Olis must be resentenced."  See United States v. Olis, 429 F.3d 540, 541 (5th Cir. 2005).  The Fifth Circuit explained that "Olis sufficiently preserved a [United States v.] Booker[, 125 S.Ct. 738, 756 (2005),] challenge to the court's application of the sentencing guidelines as a mandatory scheme, and the . . . court overstated the loss caused by Olis's crimes."  Id. (emphasis in original).  On September 12-13, 2006, a sentencing hearing was held; and on September 22, 2006, the court issued a Memorandum Opinion (Docket Entry No. 293) pursuant to which Olis was sentenced to 60 months in prison as to counts 1, 3, 4, 5, and 6 and 72 months in prison as to count 2 to be served concurrently for a total term of 72 months. Olis was also sentenced to serve three years of supervised release on each count to run concurrently for a total term of supervised release of three years.  An Amended Judgment (Docket Entry No. 294) was entered on September 25, 2006.  Olis did not appeal this sentence.

## II.  **Standard of Review for § 2255 Petitions**

Section 2255 is a "post-conviction remedy to test the legality of [a federal prisoner's] detention."  United States v. Grammas,

-2-

376 F.3d 433, 436 (5th Cir. 2004) (quoting <u>Kuhn v. United States</u>, 432 F.2d 82, 83 (5th Cir. 1970)).  The Supreme Court has made clear that a collateral challenge does not "do service for an appeal" and that a § 2255 petitioner "must clear a significantly higher hurdle than would exist on direct appeal" in order to obtain relief. <u>United States v. Frady</u>, 102 S.Ct. 1584, 1593 (1982).  Thus, a § 2255 petitioner must present either (1) constitutional or jurisdictional questions, which cannot be raised for the first time on collateral review without a showing of cause for the default and resulting prejudice, or (2) errors that could not have been raised on direct appeal and that, if condoned, would result in a "complete miscarriage of justice." <u>United States v. Cervantes</u>, 132 F.3d 1106, 1109 (5th Cir. 1998).  Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a § 2255 motion. See <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992).  Similarly, issues that were raised but rejected on direct appeal are barred from consideration on collateral review.  See <u>United States v. Webster</u>, 392 F.3d 787, 791 (5th Cir. 2004).  To satisfy the "cause" standard a petitioner must show that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances.  See <u>United States v. Guerra</u>, 94 F.3d 989, 993 (5th Cir. 1996). Objective factors may include a showing that the factual and legal bases for the claim was not reasonably available to counsel at the

prior occasions.  Id.   For example, the procedural bar does not apply to a claim that could not have been raised on direct appeal, such as a claim alleging ineffective assistance of counsel. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).

### III.   Motion for Release on Bail

Olis argues that he should be released on bail pending the court's resolution of the merits of his § 2255 motion because in that motion he raised substantial constitutional claims upon which he has a high likelihood of success, and because exceptional circumstances exist that make the grant of bail necessary to make the habeas remedy effective.[2]   The government argues that Olis' motion for bail should be denied because he is unlikely to prevail on the merits of his § 2255 motion and because the record does not establish extraordinary circumstances warranting his release.

### A.   Standard of Review

"A convicted defendant has no constitutional right to bail." United States v. Olis, 450 F.3d 583, 585 (5th Cir. 2006) (citing United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987)). Nevertheless, "[i]t is within the inherent power of a district court of the United States to enlarge a . . . prisoner on bond pending hearing and decision on his application for a writ of

---

[2]Notice of Motion and Motion for Release on Bail, Docket Entry No. 307, p. 1.

-4-

habeas corpus."  <u>In re Wainwright</u>, 518 F.2d 173, 174 (5th Cir.

1975) (per curiam).  Bail should be granted to a

> prisoner pending habeas corpus review only when the
> petitioner has raised substantial constitutional claims
> upon which he has a high probability of success, and also
> when extraordinary or exceptional circumstances exist
> which make the grant of bail necessary to make the habeas
> remedy effective.

<u>Calley v. Callaway</u>, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam).

Olis bears the burden of persuasion on his motion for bail.  <u>Id.</u>


**B.   Analysis**

   1.   <u>High Probability of Success</u>

      Olis argues that the following claims are substantial

constitutional claims that have a high probability of success

because they show he was wrongfully convicted:  (1) the government

violated his Fifth and Sixth Amendment rights to present the

defense of his choice by coercing Dynegy to stop funding his

defense; (2) the government violated his Fifth Amendment rights by

constructively amending the indictment; and (3) he did not receive

constitutionally adequate assistance of counsel.  Olis' legal

arguments are both novel and complex, based either on recent

Supreme Court and Fifth Circuit decisions or on decisions from

other circuit courts that are not binding on this court.  While

Olis' lengthy petition and supporting brief are before the court,

the government has not yet filed an answer and/or a dispositive

motion, and the court cannot reasonably predict what the outcome of

Olis' petition will be.  Accordingly, for these reasons and for the reasons explained below the court is not persuaded that Olis' petition has a high probability of success.

(a)  Defense of Olis' Choice

Olis complains in his § 2255 motion that the United States Attorney's Office (USAO) violated his Fifth and Sixth Amendment rights by using threat of indictment to pressure Dynegy to cut off his access to defense funds.  Citing <u>United States v. Stein</u>, 435 F.Supp.2d 330 (S.D.N.Y. 2006), and <u>United States v. Stein</u>, 495 F.Supp.2d 390 (S.D.N.Y. 2007), Olis argues that the government's interference with his access to Dynegy's funding restricted the resources available to him not only for attorneys but also for experts and other ancillary services the absence of which prejudiced his defense.  The court is not persuaded that Olis has a high probability of success on this claim because, unlike the defendants in <u>Stein</u>, Olis has failed to cite any contemporaneous evidence that government action denied Olis his attorney of choice or prevented his attorney of choice from presenting the defense of his choosing.

(b)  Constructive Amendment of the Indictment

Olis complains in his § 2255 motion that the USAO violated his Fifth Amendment right to be indicted by a grand jury by making statements to the petit jury that constructively amended the indictment.  Olis asserts that "[t]he grand jury charged that

Project Alpha was a scheme to *falsely* report financing activity as operating cash flows,"[3] but that at trial

> the government made no attempt to prove that the purpose of Project Alpha was falsely to characterize loan proceeds as cash flow from operations. Instead the government insisted that it mattered not at all whether the conspirators believed that the accounting for Project Alpha was correct. . . . Nor did it matter whether Olis and his alleged co-conspirators intended falsely to characterize loan proceeds as cash flow from operations. . . . Instead, the government told the jury, the only question was whether Olis and his alleged co-conspirators concealed the outside hedges and tear ups from Hecker, Anderson's engagement partner.[4]

Olis argues that he has a high probability of success on this argument because "the government may not obtain an indictment alleging certain material elements or facts of a crime, [and] then seek a conviction on the basis of a different set of elements or facts."[5]   United States v. Robles-Vertiz, 155 F.3d 725, 728 (5th Cir. 1998).   The court is not persuaded that Olis has a high probability of success on this claim because the prosecutorial statements of which Olis complains did not amend the indictment but, instead, merely described the evidence required to prove the indictment's allegation that Olis and his co-conspirators caused

---

[3]Jamie Olis' Reply in Support of Motion for Release on Bond, Docket Entry No. 326, p. 9.

[4]Id. at 9-10 (citing Memorandum of Points and Authorities in Support of Jamie Olis' Motion to Set Aside His Conviction Pursuant to 28 U.S.C. § 2255 (Olis' § 2255 Motion), Docket Entry No. 315, pp. 70-75).

[5]Id. at 10.

Dynegy to publish financial statements on which the cash flow from Project Alpha -- which they knew and believed to have been cash flow from financing -- was reported as cash flow from operations.

(c)  Ineffective Assistance of Counsel

Olis complains in his § 2255 motion that he received constitutionally inadequate assistance of counsel because his trial counsel (a) failed to object to the USAO's constructive amendment of the indictment, (b) failed to object to the inclusion of an admittedly biased juror on the panel, and (c) failed to object to legally erroneous jury instructions that had the effect of relieving the government of its burden to prove each element of the charged offenses beyond a reasonable doubt.[6]  Olis argues that each of these inadequacies of counsel deprived him of his fundamental right to a fair trial and resulted in a trial that lead to the conviction of an innocent man.

All three of Olis' ineffective assistance of counsel claims are governed by the standard set forth in Strickland v. Washington, 104 S.Ct. 2052 (1984).  To prevail, Olis must make two showings.  First, Olis must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness.  Second, Olis must show that his counsel's unreasonable performance prejudiced him, i.e., that the errors deprived him of a fair trial with a

---

[6]Notice of Motion and Motion for Release on Bail, Docket Entry No. 307, p. 4.

reliable result.  See id. at 2064.  See also United States v. Fuchs, 467 F.3d 889, 910 (5th Cir. 2006), cert. denied, 127 S.Ct. 1502 (2007).  The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is the petitioner's burden to overcome that presumption.  Id. at 2065.

### (1)  Failing to Object to Constructive Amendment

Olis argues that his trial attorney rendered constitutionally inadequate assistance of counsel by failing to object to government actions that constructively amended the indictment.  For the reason stated in § III.B.1(b), above, the court has already concluded that Olis lacks a high probability of success on his claim that government actions constructively amended the indictment.  Since Olis' attorney would not have had any reason to object unless the government's actions constructively amended the indictment, the court is not persuaded that Olis has a high probability of success on this claim.

### (2)  Failing to Object to Biased Juror

Olis argues that his trial attorney rendered constitutionally inadequate assistance of counsel by failing to object to the inclusion of an admittedly biased juror on the panel.  The court is not persuaded that Olis has a high probability of success on this claim because when the jury panel was asked collectively if any of

them felt that they could not be a fair and impartial juror in this case, the juror at issue did not respond by stating that she could not be fair and impartial, and because when later, after she had been sworn as a juror, the juror at issue stated that she could not judge the case fairly, her explanation for that statement was that her attendance at the trial would prevent her from working and from picking her child up from school.  Because the juror's explanations for why she could not judge the case fairly do not demonstrate any bias towards Olis in particular or the defense in general, the court is not persuaded that Olis has a high probability of success on this claim.

### (3)  Failing to Object to Jury Instructions

Olis argues that his trial attorney rendered constitutionally inadequate assistance of counsel by failing to object to legally erroneous jury instructions that had the effect of relieving the government of its burden to prove each element of the charged offenses beyond a reasonable doubt.  The court is not persuaded that Olis has a high probability of success on this claim because the jury instructions of which he complains appear in the Fifth Circuit's Pattern Jury Instructions for criminal trials, and Olis has not shown why his attorney should not reasonably have concluded that they were adequate.  See Fuchs, 467 F.3d at 910 (attorney could reasonably have concluded that the jury instructions that tracked the pattern instructions were adequate).

-10-

2.   <u>Extraordinary Circumstances</u>

Olis argues that bail is necessary to effectively preserve the habeas remedy because he has already served more than three years of his six-year prison sentence, and if not released he is likely to have completed most, if not virtually all, of his prison sentence by the time his habeas petition is resolved in his favor.[7] Olis argues that if he remains incarcerated he will not be able to fully assist the defense team litigating his § 2255 motion, and that given his still-limited resources, he is a crucial resource for his defense team's ability to understand the facts and issues relevant to his motion.[8]  Olis also argues that this is a case in which the government engaged in a pernicious pattern of misconduct involving repeated violations of his fundamental constitutional rights that deprived him of any chance of a fair trial and resulted in the conviction of an innocent man.[9]  Asserting that his parents are aging and his daughter is growing up without him, Olis argues that collectively, extraordinary circumstances support his motion for release on bond.[10]  The court disagrees.

In <u>Calley</u>, 496 F.2d at 702, the Fifth Circuit described extraordinary circumstances as "serious deterioration of the

---

[7]<u>Id.</u> at 5.

[8]<u>Id.</u>

[9]Jamie Olis' Reply in Support of Motion for Release on Bond, Docket Entry No. 326, pp. 15-16.

[10]<u>Id.</u> at 16-17.

-11-

petitioner's health while incarcerated, . . . short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective[,] . . . and extraordinary delay in processing a habeas petition." 496 F.2d at 702 n.1 (citing Noyd v. Bond, 89 S.Ct. 1876 (1965) (all but two days of one-year sentence served); Levy v. Parker, 90 S.Ct. 1, affirmed by full Court, 90 S.Ct. 47 (1969) (all but twelve days of three-year sentence served); Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968) (one hundred twenty-day sentence).   The court is not persuaded that Olis has alleged any circumstances comparable to those that the Fifth Circuit has deemed sufficient to necessitate the granting of bail.   See Boyer, 402 F.2d at 966.

The petitioner in Boyer was convicted in municipal court on charges of disorderly conduct, and interfering with and resisting a police officer, and sentenced to a total fine of $240 or 120 days in custody.   402 F.2d at 967.   Since he was unable to pay the fine, the petitioner was taken into custody.   Without first exhausting his state court remedies, the petitioner filed a writ of habeas corpus in federal court claiming denial of constitutional rights because he had neither been represented by counsel in the proceedings that resulted in his conviction nor waived his right to the representation of counsel.   Recognizing that the petitioner had raised not only a substantial but also a meritorious constitutional claim, and that the petitioner's sentence was likely to expire

-12-

before the habeas petition could be decided, the Fifth Circuit
granted bail so that the petitioner could exhaust his state
remedies.  Id. at 967-68.  The Fifth Circuit explained that by the
time the petitioner went back to state court to pursue his post-
conviction remedies, he would have long completed his sentence,
foreclosing the possibility of any "practical relief . . .
notwithstanding the Court's recognition of his constitutional
claim."  Id. at 968.  Because the facts of Boyer are very different
from those of this case, the court is not persuaded that the Fifth
Circuit's decision in Boyer supports Olis' request for bail.

        The crimes for which Olis was convicted are far more serious
than the crimes for which Boyer was convicted, and the period of
time remaining on Olis' prison sentence (over two years), is far
longer than the 120 days at issue in Boyer.  Also, unlike in Boyer
where the Fifth Circuit acknowledged that the petitioner had raised
a meritorious claim of constitutional dimension, for the reasons
explained in § III.B.1, above, the court has already explained that
it is unable to conclude that Olis has a high probability of
success on any of the claims that he has asserted in his § 2255
motion.  Finally, Olis does not argue and the court does not
conclude that it is likely that his sentence will expire before the
court can rule on his § 2255 motion.  Moreover, since Olis has
three years of supervised release to serve following the time
remaining on his prison sentence, the court is not persuaded that

bail is needed to make a habeas remedy effective.   See Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir. 2000) (for purposes of § 2255 "[u]sually, 'custody' signifies incarceration or supervised release").   See also Jones v. Cunningham, 83 S.Ct. 373, 375-78 (1963) (parole meets custody requirement for purposes of § 2255).

## C.   Conclusions

For the reasons explained above, the court is not persuaded that Olis "has raised substantial constitutional claims upon which he has a high probability of success," or that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Calley, 496 F.2d at 702.   Accordingly, the court concludes that Olis has failed to meet either part of the Calley test and that his motion for release on bail should be denied.

## IV.   Motion for Discovery

Asserting that he has raised factual disputes that would entitle him to relief if resolved in his favor, Olis seeks the following discovery:  (1) evidence of government interference with his defense through discovery of communications with Dynegy; (2) Brady material not produced and presentation of false evidence related especially to the testimony of Jeffrey Heil; (3) the ICA-Arthur Andersen relationship; and (4) the costs of analyzing the accounting of Project Alpha.   Olis specifically seeks leave to

-14-

depose the assistant United States attorneys who were involved in the investigation of Project Alpha, certain personnel employed by Dynegy, ICA, and Arthur Andersen, and outside counsel for Dynegy, ICA, and Arthur Andersen during Project Alpha's investigation.[11]

Rule 6 of the Rules Governing § 2255 Proceedings for the United States District Courts grants the court discretion to authorize discovery, upon a showing of good cause.  <u>See</u> <u>United States v. Webster</u>, 392 F.3d 787, 802 (5th Cir. 2004). Interpreting a similar rule governing proceedings under 28 U.S.C. § 2254, the Fifth Circuit has held that "good cause" may be found when a petition for a writ of habeas corpus establishes a <u>prima</u> <u>facie</u> claim for relief.  <u>See</u> <u>Murphy v. Johnson</u>, 205 F.3d 809, 814 (5th Cir.), <u>cert. denied</u>, 121 S.Ct. 380 (2000).  Before authorizing discovery, the court must first conclude that the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  <u>Id.</u>  In that regard, the petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify recovery." <u>Id.</u> "Rule 6 does not authorize fishing expeditions."  <u>Id.</u>

Olis fails to provide specific facts showing that if the proposed discovery were allowed he would be entitled to prevail on

---

[11]Motion for Discovery and Points and Authorities in Support of Jamie Olis' Motion to Set Aside His Conviction Pursuant to 28 U.S.C. § 2255, Docket Entry No. 327.

any of his claims, i.e., (1) that the government's interference with his access to funding violated his Fifth and Sixth Amendment rights to present the defense of his choice; (2) that government actions constructively amended the indictment; or (3) that he received constitutionally inadequate assistance of counsel. Accordingly, for essentially the same reasons that the court has already concluded that Olis lacks a high probability of success on any of the claims asserted in his § 2255 motion, the court concludes that his motion for discovery should be denied.

### V.  **Motion for Leave to File Amici Curiae Brief**

Robert Weisberg, Professor of Law at Stanford Law School, moves the court for leave to file on behalf of a group of interested law professors an amici curiae brief in support of Olis' motion to set aside his conviction pursuant to 28 U.S.C. § 2255. Weisberg explains that the brief will address constitutional questions raised by "Principles of Federal Prosecution of Business Organizations" (also known as the "Thompson Memorandum") and the government's implementation of the policies stated therein to block Olis' access to funding for his defense.[12]  Weisberg seeks leave to file the amicus brief at the time Olis' reply brief in support of his motion to set aside his conviction is due.[13]

---

[12]Motion for Leave to File Amici Curiae Brief in Support of Olis' Motion to Set Aside His Conviction, Docket Entry No. 332.

[13]Declaration of Robert Weisberg in Support of Motion for Leave to File Amici Curiae Brief attached to Docket Entry No. 332, ¶ 5.

## A.    Standard of Review

No statute, rule, or controlling case defines a federal district court's power to grant leave to file an <u>amicus</u> brief, and Weisberg cites no authority in this regard.   Federal Rule of Appellate Procedure 29 sets forth standards for filing an <u>amicus</u> brief in the United States Courts of Appeals, and in the absence of controlling authority, district courts commonly refer to Rule 29 for guidance.   See <u>Waste Management of Pennsylvania v. City of York</u>, 162 F.R.D. 34, 36-37 (M.D. Pa. 1995).   The extent to which the court permits <u>amicus</u> briefing lies solely within the court's discretion.   <u>Id.</u>   Factors relevant to the determination include whether the proffered information is "timely and useful" or otherwise necessary to the administration of justice.   <u>Id.</u> at 36.

## B.    Analysis

In an affidavit attached to the pending motion, Weisberg states that

> [a]t issue before this Court is the constitutionality of the Department of Justice's use of the *Principles of Federal Prosecution of Business Organizations* (the "Thompson Memorandum") to pressure Dynegy Inc. to abandon its legal obligation and stated intention to fund Olis' defense at trial.   *Amici* believe that the prosecution's actions raise troublesome issues of constitutional law.[14]

Weisberg also states that he believes that "the <u>amici curiae</u> brief will aid the Court in its resolution of Olis' motion to set aside

---

[14]<u>Id.</u> ¶ 3.

-17-

his conviction because it will elucidate, from a historical and scholarly perspective, the constitutional right to free access to defense funding and to be free of government interference with the right to counsel."[15]

The statements made in Weisberg's affidavit show that he seeks leave to file an <u>amici curiae</u> brief in support of Olis' claim that the government violated his Fifth and Sixth Amendment rights by pressuring Dynegy to cut off his access to defense funds. In § III.B.1(a), above, the court explained that it is not persuaded that Olis has a high probability of success on this claim because Olis has failed to cite any evidence that he was denied the attorney of his choice or that his attorney failed to present the defense of his choosing. For this same reason, the court is not persuaded that the filing of the <u>amici curiae</u> brief described by Weisberg would be useful or otherwise necessary to the administration of justice.

Although the court does not rest its decision on the criteria of Federal Rule of Appellate Procedure 29, the court notes that the brief that Weisberg contemplates filing would be untimely under that rule. In pertinent part Rule 29 provides

> (e) Time for Filing. An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief no

---

[15]<u>Id.</u> ¶ 4.

> later than 7 days after the appellant's or petitioner's
> principal brief is filed.  A court may grant leave for
> later filing, specifying the time within which an
> opposing party may answer.
>
> (f) Reply Brief.  Except by the court's permission, an
> amicus curiae may not file a reply brief.

Fed. R. App. P. 29(e)-(f).  Rule 29 is designed to ensure the

timely resolution of claims presented:

> [T]he 7-day period runs from when a brief is filed.  The
> passive voice—"is filed"—is used deliberately. . .
>
> The 7 day stagger [between filing of the principal brief
> and the supporting amicus brief] . . . is long enough to
> permit an amicus to review the completed brief of the
> party being supported and avoid repetitious argument.  A
> 7-day period also is short enough that no adjustment need
> be made in the opposing party's briefing schedule.  The
> opposing party will have sufficient time to review
> arguments made by the amicus and address them in the
> party's responsive pleading.

Fed. R. App. P. 29(e) Adv. Comm. Notes to 1998 Amend.  Since

Weisberg's motion was filed more than seven days after Olis' motion

to set aside his conviction, and does not include the brief that he

seeks to file, the court concludes that it was both untimely filed

and incomplete under Rule 29.  Because the concerns of necessity

and timeliness, which undergird Rule 29, do not appear to be any

less important in the district court than in the court of appeals,

the court concludes that the standards established by Rule 29

support its decision to deny Weisberg's motion.

## C.  Conclusion

Because the court is not persuaded that the <u>amici curiae</u> brief

that Weisberg seeks to file would be useful or otherwise necessary

to the administration of justice, the motion for leave to file <u>amici curiae</u> brief will be denied.

## VI. <u>Conclusions and Scheduling Order</u>

For the reasons explained above, Olis's Motion for Release on Bail (Docket Entry No. 307) is **DENIED;** Olis' Motion for Discovery in Support of Olis' Motion to Set Aside His Conviction (Docket Entry No. 327) is **DENIED**; and the Motion for Leave to File <u>Amici Curiae</u> Brief in Support of Olis' Motion to Set Aside His Conviction (Docket Entry No. 332) is **DENIED**.

Pursuant to 28 U.S.C. § 2255 <u>et seq.</u>, and the Rules Governing § 2255 Cases in the United States District Courts, the court **ORDERS** the following:  The United States of America shall file an Answer and Motion for Summary Judgment in response to Olis' motion pursuant to 28 U.S.C. § 2255, on or before April 4, 2008, and shall forward a copy of the same to the defendant by certified mail, return receipt requested.  The United States shall file and serve, with its Answer and Motion, a supporting memorandum with authorities, affidavits, transcripts, and other pertinent materials.  The United States shall file with the court proof of the defendant's receipt of the United State's Answer and Motion for Summary Judgment with supporting materials.  Olis shall file a response to the United State's Answer and Motion for Summary Judgment on or before May 5, 2008.  The Clerk will provide a copy

of this Memorandum Opinion and Order to the United States and to Olis and his counsel.

      **SIGNED** at Houston, Texas, on this the 3rd day of March, 2008.

                                     _____

                                         SIM LAKE
               UNITED STATES DISTRICT JUDGE